# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1  U.S. Government Plaintiff
- ❏ 2  U.S. Government Defendant
- ❏ 3  Federal Question *(U.S. Government Not a Party)*
- ❏ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)                                      and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 376 Qui Tam (31 USC 3729(a)) |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ❏ 400 State Reapportionment |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | ❏ 340 Marine | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ❏ 835 Patent - Abbreviated New Drug Application | ❏ 460 Deportation |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | **LABOR** | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 371 Truth in Lending | ❏ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 380 Other Personal Property Damage | ❏ 720 Labor/Management Relations | ❏ 861 HIA (1395ff) | ❏ 490 Cable/Sat TV |
| ❏ 195 Contract Product Liability | ❏ 362 Personal Injury - Medical Malpractice | ❏ 385 Property Damage Product Liability | ❏ 740 Railway Labor Act | ❏ 862 Black Lung (923) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 196 Franchise | | | ❏ 751 Family and Medical Leave Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 890 Other Statutory Actions |
| | | | | ❏ 864 SSID Title XVI | ❏ 891 Agricultural Acts |
| | | | | ❏ 865 RSI (405(g)) | ❏ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ❏ 895 Freedom of Information Act |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | ❏ 791 Employee Retirement Income Security Act | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 896 Arbitration |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate Sentence | | | |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | | ❏ 950 Constitutionality of State Statutes |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | | |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 448 Education | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration Actions | | |
| | | ❏ 550 Civil Rights | | | |
| | | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ❏ 1 Original Proceeding
- ❏ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from Another District *(specify)*
- ❏ 6 Multidistrict Litigation - Transfer
- ❏ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ❏ Yes  ❏ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____  DOCKET NUMBER _____

DATE _____  SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT #  ____  AMOUNT  ____  APPLYING IFP  ____  JUDGE  ____  MAG. JUDGE  ____

| | |
|---|---|
| **WEISBERG LAW** | **SCHAFKOPF LAW, LLC** |
| Matthew B. Weisberg, Attorney ID No. 01565-2000 | Gary Schafkopf, Attorney ID No. 01224-2000 |
| 7 South Morton Ave. | 11 Bala Ave |
| Morton, PA 19070 | Bala Cynwyd, PA 19004 |
| 610-690-0801 | 610-664-5200 Ext 104 |
| Fax: 610-690-0880 | Fax: 888-283-1334 |
| **Attorney for Plaintiff** | **Attorney for Plaintiff** |

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| Natalie Spence | : | |
| 2 Sterling Terr | : | |
| Unit D | : | |
| Stratford, NJ 08084 | : | CIVIL ACTION NO.: |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| State of New Jersey | : | |
| 125 West State Street | : | JURY TRIAL OF TWELVE (12) JURORS |
| Trenton, NJ 08625 | : | DEMANDED |
| | : | |
| And | : | |
| | : | |
| New Jersey State Judiciary | : | |
| 125 West State Street | : | |
| Trenton, NJ 08625 | : | |
| | : | |
| And | : | |
| | : | |
| John Callender, Individually and in his | : | |
| Official capacity as Judiciary Clerk | : | |
| Hall of Justice | : | |
| 101 South 5th Street | : | |
| Camden, NJ 08103 | : | |
| | : | |
| And | : | |
| | : | |
| Cornell Williamson, Individually and in | : | |
| his Official capacity as Assistant Chief | : | |
| Probation Officer | : | |
| Hall of Justice | : | |
| 101 South 5th Street | : | |
| Camden, NJ 08103 | : | |
| | : | |
| And | : | |

| | |
|---|---|
| Sarah Barbella, Individually and in her Official capacity Assistant Chief Probation Officer<br>Hall of Justice<br>101 South 5th Street<br>Camden, NJ 08103 | :<br>:<br>:<br>:<br>:<br>:<br>: |
| And | : |
| Renata Kiersnowski, Individually and in her Official capacity as Supervisor of Adult Probation<br>Hall of Justice<br>101 South 5th Street<br>Camden, NJ 08103 | :<br>:<br>:<br>:<br>:<br>:<br>: |
| And | : |
| Helen Springer, Individually and in her Official capacity as Supervisor of Juvenile Probation<br>Hall of Justice<br>101 South 5th Street<br>Camden, NJ 08103 | :<br>:<br>:<br>:<br>:<br>:<br>: |
| And | : |
| Yakita Daaliya-Watson, Individually and in her Official capacity as Judiciary Clerk<br>Hall of Justice<br>101 South 5th Street<br>Camden, NJ 08103 | :<br>:<br>:<br>:<br>:<br>: |
| And | : |
| Iris Mitchell, Individually and in her Official Capacity as Judiciary Clerk<br>Hall of Justice<br>101 South 5th Street<br>Camden, NJ 08103 | :<br>:<br>:<br>:<br>:<br>: |
| And | : |

| | |
|---|---|
| John Does 1-10 | : |
| | : |
| Defendants. | : |

---

## CIVIL ACTION COMPLAINT

### I. Jurisdiction and Venue

1. Jurisdiction in this Honorable Court is based on a violation of federal law conferred by 28 U.S.C. §1331; supplemental jurisdiction over state law claims is granted by 28 U.S.C.§1367.

2. Venue lies in this district in that the events giving rise to this claim occurred here, at least one (1) Defendant resides, maintains a principal place of business, and/or does business here, and/or the property which is the subject of this action is situated within this district.

3. At all times relevant to this complaint, Defendant State of New Jersey was the employer of Plaintiff as the term is defined by NJLAD.

4. All conditions precedent, including the EEOC Right to Sue, have been satisfied. **Exhibit A**

### II. Parties

5. Plaintiff, Natalie Spence, is an adult individual, currently residing at the above captioned address.

6. Defendant, State of New Jersey, is a government entity doing business at the above captioned address.

7. Defendant, New Jersey State Judiciary is an entity existing under the laws of the State of New Jersey, with an office for the acceptance of services at the above captioned address.

8. Defendant, John Callender, is an adult individual who, at all times material herein, acted individually, and/or as an agent, servant, workman, and/or employee of Superior Court of New Jersey – Camden Vicinage acting under color of State Law.

9. Defendant, Cornell Williamson, is an adult individual who, at all times material herein, acted individually, and/or as an agent, servant, workman, and/or employee of Superior Court of New Jersey – Camden Vicinage as Assistant Chief Probation Officer acting under color of State Law.

10. Defendant, Sarah Barbella, is an adult individual who, at all times material herein, acted individually, and/or as an agent, servant, workman, and/or employee of Superior Court of New Jersey – Camden Vicinage acting under color of State Law.

11. Defendant, Renata Kiersnowski, is an adult individual who, at all times material herein, acted individually, and/or as an agent, servant, workman, and/or employee of Superior Court of New Jersey – Camden Vicinage a supervisor of the Child Support Division acting under color of State Law.

12. Defendant, Helen Springer, is an adult individual who, at all times material herein, acted individually, and/or as an agent, servant, workman, and/or employee of Superior Court of New Jersey – Camden Vicinage acting under color of State Law.

13. Defendant, Yakita Daaliya-Watson, is an adult individual who, at all times material herein, acted individually, and/or as an agent, servant, workman, and/or employee of Superior Court of New Jersey – Camden Vicinage acting under color of State Law.

14. Defendant, Iris Mitchell, is an adult individual who, at all times material herein, acted individually, and/or as an agent, servant, workman, and/or employee of Superior Court of New Jersey – Camden Vicinage acting under color of State Law.

15. Defendants, John Does 1-10, is a moniker/fictitious name for individuals and entities currently unknown but will be substituted when known, as affiliated, associated or liable hereunder for the reasons set forth below or inferred therefrom. Each of these parties are incorporated as Defendants in each and every count and averment listed above and below. Upon information and belief, Defendants, John Does, were agents, servants, workmen, or employees of Co-Defendant, liable to Plaintiff hereunder.

### IV.   Statement of Claims

16. On or about June 26, 2017, Spence was hired as a Judiciary Clerk 2 in the Camden Vicinage Child Support Division of the Camden County Probation Department.

17. Spence's supervisor at the time was Defendant, Renata Kiersnowski.

18. Kiersnowski assigned Defendant, John Callender to train Plaintiff.

19. Within a few days of beginning her new job Callender began to sexually harass Spence.

20. While Spence was sitting at her cubicle Callender approached her from behind stood in front of her with his groin in her face began asking her personal questions and attempted to touch her.

21. Spence reported Callender's behavior to Kiersnowski advised she felt Callender was a threat to her.

22. Kiersnowski told Spence that Callender was not a threat, that he had some personal setbacks and to be patient with him.

23. Kiersnowski did not make a formal report of the incident but stated she would speak with Callender; upon information and belief, Kiersnowski never spoke to Callender.

24. Over next month, Callender continued to sexually harass Spence including but not limited to pushing his groin into her while she was attempting to file paperwork into a filing cabinet, blowing her kisses, and attempting to touch her.

25. During this time, Callender would tell Spence that she was on probation and that no one would believe her allegations against him.

26. On or about July 20, 2017, during the annual Probation Division BBQ, Callender made sexually offensive comments and gestures to Spence while she was in the customer service area.

27. Callender made sexually offensive comments about a hot dog to Spence and attempted to give Spence a hot dog-despite knowing she was a pescatarian.

28. During the BBQ Callender was not wearing his work issued uniform and was walking around in his undershirt.

29. Callender approached Spence in the customer service area while wearing his undershirt and began making sexually offensive gestures to Spence while straddling the back of her chair.

30. Following Callender's lewd actions he began putting on his work shirt in front of Plaintiff.

31. Callender unbuttoned his pants and began tucking in his shirt while staring at Spence and making sexually offensive noises while doing so.

32. Spence immediately reported the incident to Kiersnowski, again Kiersnowski ignored Spence's complaints and failed to report or reprimand Callender.

33. As a result of reporting Callender's behavior, Spence began to experience retaliation from her supervisors and co-workers.

34. Upon information and belief, Kiersnowski, failed Spence on her career progression in July 2017 (following her report of Callender's behavior at the BBQ).

35. Spence then reported Callender's behavior to Defendant, Cornell Williamson.

36. In August 2017, instead of reprimanding Callender, Defendant Williamson, had Spence transferred to the Administration Unit of the Camden County Probation Department.

37. Upon information and belief, the transfer was intended to punish Spence for reporting Callender's behavior.

38. Spence's new supervisors became Defendant, Sarah Barbella.

39. Spence's new duties included distributing car keys for probation officers' vehicles, ensuring that probation officers return their vehicles using proper procedures and ensuring vehicles were properly inspected.

40. Immediately, Spence realized that many probation officers failed to follow procedures regarding the use of probation issued vehicles.

41. Spence would attempt to enforce the rules regarding the use of probation issued vehicles and would constantly be met with opposition from her co-workers.

42. Spence's co-workers began to complain directly to Barbella- resulting in numerous meetings between Spence and Barbella.

43. During these meetings, Spence made Barbella aware of the issues regarding probation officers failing to keep proper fuel logs, exchanging keys without informing the office and other serious issues.

44. Barbella failed to reprimand Spence's co-workers resulting in Spence being ostracized.

45. Upon information and belief, Barbella retaliated against Spence by giving her a failing work performance review for reporting her co-workers failures to adhere to proper procedures regarding the use of the probation issued vehicles.

46. Following Barbella's poor performance review, Spence met with Williamson to discuss those results.

47. Spence expressed to Barbella that she felt Barbella had given her a poor performance review due to Spence's reporting of the improper procedures her fellow co-workers were engaging in.

48. Barbella chose to transfer Spence to another unit instead of reprimanding her co-worker who had failed to file follow proper procedures.

49. In April 2018, Spence was then transferred to the Juvenile Probation Unit.

50. Upon being transferred Spence's new supervisor became Defendant, Helen Springer.

51. Upon being transferred to the Juvenile Probation Unit Spence began to experience a hostile work environment perpetrated by Defendants, Yakita Daaliya-Watson and Iris Mitchell.

52. While sitting at her cubicle, Spence could hear Watson and Mitchell discussing her transfer to their unit.

53. Watson and Mitchell made comments about Spence such as " I don't know who these young people thing they are; they walk around here as though they self-entitled and someone owes them something."

54. On another occasion, Spence heard them state "Natalie doesn't do anything around here; she is just more work for us."

55. On or about May 24, 2018, Springer requested a meeting with Spence.

56. Springer advised that Spence's co-workers had spoken to Springer, advised that Spence was not aware of her job description and duties.

57. Spence told Springer she understood her job duties and told Springer about Watson's and Mitchell's unwelcoming behavior.

58. Springer continuously refused to provide proper relief for Spence and denied her personal time off.

59. On or about May 30, 2018, Spence approached Williamson and advised him of Watson and Mitchell's harassment.

60. Williamson told Spence he would schedule individual meetings with each of them and their supervisors.

61. The following day a meeting was held with Spence, Watson, Mitchell, Williamson all in the same room.

62. During this meeting things became heated at which point Watson stood up and screamed: you "fucking bitch" (at Spence) expressing she did not want Spence in the division and stating that Spence had a bad reputation.

63. The meeting concluded, and at no time was Watson reprimanded for her comments to Spence.

64. The following day Spence discovered a drawing had been placed on her desk.

65. The drawing depicted a stick figure traveling from Building 5 (Child Support Unit) to Building 6 (Juvenile Probation) stating "when it rains, it pours."

66. Spence continued to be harassed by Callender, who would visit her work and make suggestive eye contact and unwanted attention.

67. Spence continued to be ostracized by her co-workers and supervisors until her transfer to Salem County Superior Court.

### COUNT I - TITLE VII
### SEXUAL HARASSMENT AND
### HOSTILE WORK ENVIRONMENT

64. Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

65. Plaintiff is a member of a protected class.

66. Defendants have subjected Plaintiff to the aforementioned adverse actions by creating a hostile work environment.

67. Defendants have subjected Plaintiff to the aforementioned adverse actions by creating failing to address the poor treatment and sexual harassment endured by Plaintiff.

68. Said sexual harassment and hostile environment against Plaintiff were pervasive and regular.

69. Said sexual harassment and hostile environment have affected Plaintiff to her detriment.

70. Said sexual harassment and hostile environment would detrimentally affect a reasonable person under similar circumstances.

71. Said sexual harassment and racial discrimination has caused this hostile work environment.

72. Said sexual harassment has exacerbated the already hostile work environment to the point of a crisis.

73. Plaintiff is suffering and will continue to sufferirreparable injury and monetary damages as a result of Defendants' sexual misconduct unless and until this Court

grants the relief requested, including monetary damages, unless and until this Court grants the relief requested herein.

74. Said violations were intentional and willful.

75. As a direct and proximate result of Defendants' violation of Title VII, Plaintiff had sustained the injuries, damages, and losses set forth herein and have incurred attorneys' fees and costs.

76. Plaintiff suffers and will continue to suffer irreparable injuries and monetary damages as a result of Defendants' acts unless and until the Court grants the relief requested herein.

## COUNT III
## CLAIM OF SEXUAL HARRASSMENT UNDER THE LAW AGAINST DISCRIMINATION

77. Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

78. For the reasons set forth above, the Defendants' are liable to Plaintiff for the sexual harassment she experienced in the workplace.

## COUNT III
## LAW AGAINST DISCRIMINATION – RETALIAION

79. Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

80. Following Plaintiff's complaints of the hostile work environment, Defendants retaliated against her.

81. Defendants' retaliation was meant to coerce, intimidate, threaten, and/or interfere with the exercise or enjoyment of her rights protected by the LAD.

## RELIEF

**WHEREFORE,** Plaintiff seeks damages and legal and equitable relief in connection to Defendants' improper conduct and specifically prays that this Court grant the following relief to Plaintiff:

a) declaring the acts and practices complained of herein to be in violation of Title VII;

b) enjoining and permanently restraining the violations alleged herein;

c) entering judgment against the Defendants and in favor of Plaintiff in an amount to be determined;

d) awarding compensatory damages to make Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff have suffered or may suffer as a result of Defendants' improper conduct;

e) awarding compensatory damages for Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has and will continue to suffer as a result of Defendants' improper conduct

f) awarding punitive damages to Plaintiff;

g) awarding Plaintiff, the costs of suit, attorneys' fees; and expert fees and other; and

h) granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

Respectfully Submitted,

WEISBERG LAW
BY: /s/ Matthew Weisberg
MATTHEW B. WEISBERG, ESQ

DATED:12-17-19

SCHAFKOPF LAW, LLC
BY: /s/ Gary Schafkopf
GARY SCHAFKOPF, ESQ.

DATED: 12-17-19

# EXHIBIT A

EEOC Form 161 (11/16)      **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Natalie Spence<br>2 Sterling Terrace Unit D<br>Stratford, NJ 08084 | From: | Philadelphia District Office<br>801 Market Street<br>Suite 1300<br>Philadelphia, PA 19107 |
|---|---|---|---|

[ ]    *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2018-04180 | Legal Unit,<br>Legal Technician | (267) 589-9700 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]    The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]    Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]    The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]    Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]    The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]    The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]    Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*[signature: Jamie R. Williamson]*

Sept 19, 2019

Enclosures(s)

**Jamie R. Williamson,**
**District Director**

*(Date Mailed)*

Enclosure with EEOC
Form 161 (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice.  Therefore, you should **keep a record of this date**.  Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost.  If you intend to consult an attorney, you should do so promptly.  Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it.  Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction.  (Usually, the appropriate State court is the general civil trial court.)  Whether you file in Federal or State court is a matter for you to decide after talking to your attorney.  Filing this Notice is not enough.  You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief.  Courts often require that a copy of your charge must be attached to the complaint you file in court.  If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth.  Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge.  Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office.  If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible.  For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008.  This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer.  Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney).  Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case.  If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice).  While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case.  Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**.  (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*